IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL CARUANA, CHERYL CARUANA, MICHAEL AND CHERYL CARUANA for and on behalf of TINA CARUANA, a minor child,<br><br>  Plaintiffs,<br><br>vs.<br><br>FALCON RIDGE RANCH, and DOES 1-10,<br><br>  Defendants. | ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br>Case No. 2:03-CV-01032 PGC |

Defendant Falcon Ridge Ranch filed a renewed motion for summary judgment (#71) after the court granted Falcon Ridge Ranch's motion to strike the plaintiffs' experts for failure to file expert reports in accordance with the Federal Rules of Civil Procedure (#70). In its renewed motion for summary judgment, Falcon Ridge Ranch argues that the Caruanas have "no expert to testify (1) concerning the standard of care required of Falcon Ridge [Ranch], (2) to establish causation based on acts or omissions of Falcon Ridge [Ranch], or (3) to rebut opinions of [Falcon Ridge Ranch]'s expert Steven Biddulph that there was no breach in the standard of care." They further argue that their submitted affidavits and reports "establish that Falcon Ridge Ranch complied with all state and federal regulations and statutes, that there was no negligence or

incompetence on the part of Falcon Ridge Ranch, and that Falcon Ridge Ranch did not breach any standard of care it may have owed to the" Caruanas.  The court agrees and grants summary judgment.

BACKGROUND

Falcon Ridge Ranch filed its previous motion for summary judgment with the court on July 29, 2005, arguing that the Caruanas had no expert or other testimony to prove that it had breached any standard of care or that the alleged breach proximately caused injury to the Caruanas (#36).  Falcon Ridge Ranch argued that a *prima facie* case for negligence requires a showing of a duty of reasonable care and breach of that duty,[1] but that the lack of expert opinion or testimony on behalf of the Caruanas prevented the plaintiffs' from being able to prove the standard of care and requisite breach.  Citing a number of Utah state cases, Falcon Ridge Ranch argued that in order to establish the standard of care in this case, the Caruanas were generally required to produce an expert witness who was acquainted with the standards of care in the same or similar field as Falcon Ridge Ranch.[2]  The court denied that motion without prejudice, inviting both parties to file their expert reports by September 31, 2005, and specifically allowing the parties an extension of time to complete discovery and to properly file their expert reports (#58).

---

[1] *See Clark v. Farmers Ins. Exch.*, 893 P.2d 598, 600-01 (Utah Ct. App. 1995) ("A prima facie case of negligence requires a showing of: (1) a duty of reasonable care extending to the plaintiff; (2) breach of that duty; (3) proximate and actual causation of the injury; and (4) damages suffered by plaintiff.").

[2] *See Dalley v. Utah Valley Reg'l Med. Ctr.*, 791 P.2d 193, 195-96 (Utah 1990); *Preston & Chambers , P.C. v. Koller*, 943 P.2d 260, 264 (Utah Ct. App. 1997); *Martin v. Mott*, 744 P.2d 337, 338 (Utah Ct. App. 1987).

Falcon Ridge Ranch properly submitted its expert reports under Fed. R. Civ. P. Rule 26(a)(2), but the Caruanas did not.  The court then granted Falcon Ridge's motion to strike the Caruanas' improperly filed expert reports on December 8, 2005 (#70).  In that order, the court noted the severe deficiencies of the affidavit submitted by the Caruanas' expert Daniel Taylor, and also found that his supplement failed to remedy these deficiencies. Because both the primary and supplemental submissions failed to meet the standards of Fed. R. Civ. P. Rule 26(a)(2), the court struck Mr. Taylor's designation as the Caruanas' expert in this case.

The Caruanas then filed a motion for reconsideration of the court's order granting defendant's motion to strike experts who failed to file reports (#73).  Although they contended that their designations would not disrupt trial, that there was sufficient time to depose their designated expert, Daniel Taylor, and that there was no prejudice to Falcon Ridge Ranch by the Caruanas' failure to comply with the mandate of the Federal Rules, the court disagreed. Accordingly, the court then denied this motion for reconsideration (#77).

Falcon Ridge then pursued a renewed motion for summary judgment.

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3]  In applying this standard, the court must examine the evidence and reasonable inferences therefrom in the light most favorable

---

[3]Fed. R. Civ. P. 56(c).

to the non-moving party.[4]  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient [to overcome summary judgment]; there must be evidence on which the jury could reasonably find for [the non-moving party]."[5]

The Caruanas concede that "the two main issues to be determined by a trier of fact will be a determination of the factual occurrences in dispute, and to what level of responsibility [Falcon Ridge Ranch] will be held as a youth home care provider."  They further state that the "appropriate standard of care that was to have been extended to the minor daughter of the [Caruanas] while under the care of [Falcon Ridge Ranch] has been established through the [Caruanas]' expert testimony in [the] affidavit" provided by Mr. Taylor.  Because the court struck Mr. Taylor and his expert report, the Caruanas now lack the requisite expert testimony to demonstrate the applicable standard of care.

Under Utah law, "ordinarily[] expert testimony is necessary as to the standard of skill and care required of a physician because that is usually outside the knowledge and experience of lay persons."[6]  The Caruanas do not appear to argue otherwise.  Of course, there is an exception to this rule if "the impropriety of treatment complained of is of such a nature that lay persons could judge from common knowledge and experience that such an injury would not happen if there had

---

[4]*See Gaylor v. Does*, 105 F.3d 572, 574 (10th Cir. 1997).

[5]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6]*Kim v. Anderson*, 610 P.2d 1270, 1271 (Utah 1980) (citing *Malmstrom v. Olsen*, 400 P.2d 209 (1965); *Marsh v. Pemberton*, 347 P.2d 1108 (1959); *Fredrickson v. Maw*, 227 P.2d 772 (1951)).

been proper skill and care."[7]  In the instant case, Falcon Ridge Ranch employed therapists and medical workers at its facility, and the court finds that it would be appropriate to compare Falcon Ridge Ranch to the standards of a physician or hospital.  Despite this, however, the Caruanas still need to *demonstrate* the proper standard of care, and the breach of that standard, through proper expert testimony.

      The only argument that the Caruanas advance against granting summary judgment is that Mr. Taylor's expert opinion can establish the required standard of care.  Mr. Taylor, however, is now plainly out of the case.  The Caruanas have not made any claim that "lay persons could judge from common knowledge and experience" that Falcon Ridge Ranch failed to exercise proper skill and care.  In short, without Mr. Taylor, the Caruanas' cannot prove their case.  Because the standard of care and breach issues are material facts that require expert testimony, and because the Caruanas have failed to properly provide the required expert testimony, the court has no choice but to grant summary judgment.

---

[7] *Id* (citing PROSSER, LAW OF TORTS, sec. 39 (4th ed. 1971)).

CONCLUSION

For the reasons previously mentioned in this order, the court GRANTS Falcon Ridge Ranch's renewed motion for summary judgment (#71). The court orders the hearing scheduled for February 21, 2006 on this motion to be struck from the calendar. The Clerk's Office is directed to close the case.

SO ORDERED.

DATED this 23rd day of January, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge